UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN HERBERT JOHNSON, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03410 |
| | § | BANKRUPTCY NO. 16-35286 |
| HARRIS COUNTY, ET AL | § | |
| | § | |
| Appellee. | § | |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause is Appellant's, Glenn Herbert Johnson ("Johnson"), Motion for Extension of Time to File Appellant's Brief. Doc. 6. After careful consideration of the filings, record, and law, the Court grants the Motion.

Johnson timely filed a notice of appeal on the Bankruptcy Court's denial of his Motion to Re-open his Chapter 7 Case and Vacate the Discharge Order because "the Trustee through inadvertence, has precluded the value of Real Property in which the Debtor has an interest." Doc. 1-1. Johnson also filed a Motion for leave to Appeal *in forma pauperis*, Doc. 3, which is not addressed herein, and the Bankruptcy Record and Record Transmission Notice was filed with the Court on March 21, 2018. And on April 23, 2018, Johnson requested an extension to file his brief until "June 1, 2018" because "his residence was FIREBOMBED, on March 29, 2018," and he is "in the process of reconstructing his case file." Doc. 6 at 1. Johnson is pro se. *Id.* at 2.

Normally, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." FED. R. BANKR. P. 8018(a)(1). The appellee must then respond "within 30 days after service of the appellant's brief." 8018(a)(2). "If an appellant fails to file a brief on time, . . an appellee may move to dismiss the appeal—or the district court . . . after notice, may dismiss the appeal on its own

1 / 3

motion." 8018(a)(4). But a court "for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006(b)(1).

Our sister court recently provided the factors to determine excusable neglect, as follows:

> Whether neglect is excusable is an equitable determination in which courts must consider "relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The factors courts must consider include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* Although excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant," "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392. The Supreme Court has made clear also that "clients must be held accountable for the acts and omissions of their attorneys." *Id.* at 396. Expanding on *Pioneer*, the Fifth Circuit has said that "if counsel's behavior so thoroughly falls below a certain threshold, a district court's determination regarding excusable neglect will not be disturbed if the court has considered the moving party's proffered evidence." *Silvercreek Mgmt., Inc. v. Banc of Am. Secs., LLC*, 534 F.3d 469, 472–73 (5th Cir. 2008).

*In re Min*, No. 16-33804-SGJ-7, 2018 WL 276162, at *1 (N.D. Tex. Jan. 3, 2018), *appeal reinstated*, 2018 WL 684875 (N.D. Tex. Feb. 1, 2018).

Here, Johnson moves for an extension of time after the brief due date because his residence and files were allegedly firebombed on March 29, 2018. The Bankruptcy Record transmission notice was filed with the court on March 21, 2018, making Johnson's brief due on April 20, 2018. FED. R. BANKR. P. 8018(a)(1). Johnson filed his Motion after the briefing deadline, on April 23, 2018. Because the Motion is late and requests an extension based upon firebombing, the Court construes the Motion under the excusable neglect factors. 9006(b)(1).

The Court holds that the four factors weigh in Johnson favor: his failure to act was excusable neglect. First, failure to allow the filing of the brief would certainly prejudice the debtor because Johnson's case could be dismissed on that basis. Second, the length of the delay

would not negatively impact the judicial proceedings because his Chapter 7 case remains closed and Harris County, Appellee, is not required to respond until after Johnson files his brief. Third, the reason for the delay, firebombing of his residence, is presumably the actions of another actor, and not self-inflicted. Fourth, presuming the firebombing did destroy the files, Johnson is acting in good faith by trying to reconstruct his files. And not a factor, but a consideration, Johnson is pro se. Because it holds that his failure to file his brief is excusable neglect, the Court concludes that Johnson should be granted additional time to file. *See Pioneer Inv. Servs.*, 507 U.S. at 395. Accordingly, it is hereby

**ORDERED** Johnson's Motion for Extension of Time to File Appellant's Brief, Doc. 6, is **GRANTED**. Accordingly, it is also

**ORDERED** that Johnson shall file his brief by June 1, 2018. But if Johnson does not file his brief by June 1, 2018, the Court provides notice here that it will dismiss Johnson's appeal. FED. R. BANKR. P. 8018(a)(4).

SIGNED at Houston, Texas, this 27th day of April, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE