IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| GLENN HERBERT JOHNSON, | § | |
| *Debtor.* | § | |
| | § | |
| GLENN HERBERT JOHNSON, | § | Civil Action No. 4:17-cv-03410 |
| *Appellant,* | § | |
| | § | Bankruptcy Case No. 16-35286 |
| v. | § | |
| | § | |
| HARRIS COUNTY, | § | |
| *Appellee.* | § | |

## MEMORANDUM OPINION AND ORDER

This case originates as an appeal from an order denying appellant's motion to reopen his Chapter 7 bankruptcy case. *In Re Glenn Herbert Johnson*, Case No. 16-35286 (Doc. No. 45).

### I. Factual Background

Briefly, the pertinent facts begin with the failure of Glenn Herbert Johnson (hereinafter "Johnson", "Appellant", or "Debtor") to pay the *ad valorem* taxes he owed on real property located at 8926 Daffodil Street in Houston, Texas. Harris County ("County") eventually initiated a state lawsuit in 2009 to recover these past due taxes. In 2011 a default judgment was entered and eventually the property was sold at a tax sale. Over two years later a Bill of Review was filed and the default judgment was set aside in 2014. Eventually a judgment was entered for the excess proceeds. Johnson subsequently appealed and the judgment was affirmed by the First Court of Appeals in 2015. Later that year the County again sought to recover more delinquent taxes and after a trial a judgment was entered against Johnson. This judgment was also affirmed on appeal in 2016. The property was scheduled for a tax sale in November of 2016 and appellant filed for bankruptcy one week before the scheduled sale.

On February 23, 2017 the debtor was discharged from bankruptcy. An order of sale was once again obtained and the sale was set for May 2, 2017. In late April Johnson filed a Motion to Reopen his bankruptcy case. The reasons given for this motion was that Johnson wanted to include a piece of real property that he had omitted from his previously-filed schedule of assets. He also stated that he needed to add the Department of Education to the creditors matrix. The Bankruptcy Court granted this motion.

Despite the motion being granted and the fact that the case was reopened, Johnson neither added more property to his schedule of assets nor did he add any new creditors. The Court eventually discharged the debtor again on July 18, 2017.

After the discharge the County once again (in August of 2017) obtained an order for the sale of the property, said sale to take place on November 7, 2017. To prevent the sale Johnson once again filed a motion to reopen. This is the order that is the subject of this appeal. A day before the scheduled sale the Bankruptcy Court held a hearing at which it denied the Second Motion to Reopen. The Debtor then filed this appeal.

## II. Standard of Review

### A. Findings of Fact and Legal Conclusions

In the Fifth Circuit, legal conclusions receive *de novo* review, while findings of fact are reviewed for clear error. *In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009) (quoting *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008)); *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1156–57 (5th Cir. 1988); *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1163 (5th Cir. 1993) (citing *Matter of Bennett*, 970 F.2d 138, 139 (5th Cir. 1992)); *Matter of Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991) (quoting *In re Missionary Baptist Foundation, Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) (quoting *United*

*States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) (citing Fed. R. Bankr. P. 8013).

### B. Clear Error Review

The Fifth Circuit has defined clear error review in the following ways. In *Matter of Delta Towers*, the Fifth Circuit held that "[f]indings of fact made by a bankruptcy court will not be set aside unless clearly erroneous" and that "[a reviewing] Court will reverse only when 'although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed.'" *Matter of Delta Towers, Ltd.*, 924 F.2d at 76 (quoting *In re Missionary Baptist*, 712 F.2d at 209 (quoting *United States Gypsum*, 333 U.S. at 395))).

In *Good v. RMR Investments, Inc.*, the Fifth Circuit found that "[u]nder a clearly erroneous standard of review, the district court, sitting as an appellate court, must affirm the decision of the bankruptcy court if the bankruptcy court's account of the evidence is 'plausible in light of the record viewed as a whole.'" 428 B.R. 249, 253 (E.D. Tex. 2010) (citing *Jarvis Christian College v. Nat'l Union Fire Ins. Co.*, 197 F.3d 742, 746 (5th Cir. 1999)). The *Good* Court stated that, "[i]n practice, the 'clearly erroneous' standard requires the appellate court to uphold any [lower] court determination that falls within a broad range of permissible conclusions." *Id.* (citing *Jarvis Christian College*, 197 F.3d at 746 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990))).

### C. Mixed Questions of Law and Fact

The Fifth Circuit in *Missionary Baptist* refined the standard of review for mixed questions of law and fact: "[w]hen a finding of fact is premised on an improper legal standard, or a proper one improperly applied, that finding loses the insulation of the clearly erroneous rule."

3

*Matter of Missionary Baptist*, 712 F.2d at 209 (citing *Smith v. Hightower*, 693 F.2d 359 (5th Cir. 1982)); *see also Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 602 n.4 (5th Cir. 1985) (finding that "[t]he 'clearly erroneous' rule does not apply . . . to determinations reached by application of an incorrect legal standard") (citing *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 725 F.2d 336, 344 and n.7 (5th Cir. 1984); *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 384 (5th Cir. 1977); *Continental Motors Corp. v. Continental Aviation Corp.*, 375 F.2d 857, 859 (5th Cir. 1967)).

### III. Discussion

The Debtor appeals the bankruptcy court's denial of his Second Motion to Reopen the bankruptcy case on the grounds that the bankruptcy court abused its discretion in denying the motion. His reason for moving to reopen the bankruptcy case for a second time was for cause – the cause being to administer a piece of real property located at 8321 Tavenor Lane, Houston Texas 77055 ("Tavenor Lane").[1]

Section 350 permits a bankruptcy court to reopen a closed case to administer assets, to accord relief to a debtor, or for other cause. 11 U.S.C. § 350. "The phrase 'or for other cause' as used in § 350(b) is a broad term which gives the bankruptcy court discretion to reopen a closed estate or proceeding when cause for such reopening has been shown." In re Dorsey, 870 F.3d 359, 364 (5th Cir. 2017) (citing Citizens Bank & Tr. Co. v. Case (In re Case), 937 F.2d 1014, 1018 (5th Cir. 1991). While section 350 permits a case to be reopened, a debtor does not have an absolute right to reopen the case. The reopening of a case rests within the sound discretion of the court, and the case will only be reopened upon the demonstration of compelling circumstances.

---

[1] According to the County, the warranty deed filed in the Harris County real property records on April 28, 2008 at file number 20080213000, the Debtor sold Tavenor Lane to Radley Homes & Home Sites, LLC. It claims the Debtor's attempt to reopen the bankruptcy case for a second time to administer an asset he no longer owns is the latest example of his frivolous and litigious behavior.

4

Reid v. Richardson, 304 F.2d 351, 355 (4th Cir. 1962). Courts have expressed reluctance to permit reopening of a case unless there is good cause. See In re Kinion, 207 F.3d 751 (5th Cir. 2000) (if reopening a bankruptcy case would serve no purpose, then cause to reopen does not exist). Moreover, the appellate courts are less inclined to find the bankruptcy court abused its discretion in denying a motion to reopen a bankruptcy case where the debtor's conduct is frivolous and the underlying claims are entirely without merit. In re Smith, 645 F.3d 186, 191 (2nd Cir. 2011) (denial of debtors' motion to reopen was not an abuse of discretion where court found that the debtors' frivolous conduct obliged the trustee, the trustee's bondholder and the courts "to stay involved in proceedings that should have ended years ago").

The Bankruptcy Court had already reopened this case once before and Johnson took none of the actions that he told the Court he would. Further, at the hearing on the Second Motion to Reopen he could not articulate any rational reason supporting such action. On appeal he claims for the first time that he wanted to reopen his case "to allow the Trustee to administer an asset - namely, the Real Property located at 8321 Travenor Lane – Houston, Texas 77075." (Doc. No. 9, p. 9). This was never raised in his motion to reopen, nor was it raised at the hearing before the Bankruptcy Judge. If the County is to be believed, Johnson does not even own the property and has not owned it for some time. (Doc No. 10, p. 8).

A debtor has no right to reopen a case. In the instant case there is no question that the Bankruptcy Court did not abuse its discretion in denying this motion. Regardless of what appellate standard one uses, there was no error committed. The motion to reopen was meritless at best and perhaps even frivolous.

## IV. Conclusion

The decision of the Bankruptcy Court is affirmed.

SIGNED at Houston, Texas this 11th day of October, 2018.

                                              Andrew S. Hanen
                                              United States District Court Judge